UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 19-103 (2) (MJD/ECW)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **GOVERNMENT'S** |
| v. | ) | **CONSOLIDATED RESPONSE** |
| | ) | **TO DEFENDANT'S** |
| RELONDO DEVON HALL, | ) | **PRETRIAL MOTIONS** |
| | ) | |
| Defendant. | ) | |
| | ) | |

The United States of America, by and through its attorneys, Erica H. MacDonald, United States Attorney for the District of Minnesota, and Justin A. Wesley and Amber M. Brennan, Assistant United States Attorneys, respectfully submits the following consolidated response to Defendant Relondo Hall's pretrial motions (Dkts. 116-127.)

## I.   BACKGROUND

The Defendant was charged by a Superseding Indictment filed on August 13, 2019, charging him with one count of conspiracy to distribute controlled substances (heroin laced with fentanyl), one count of possession with intent to distribute the same, and one count of felon in possession of a firearm. (Dkt. 48.) The Defendant's original attorney, Terry Hegna, filed pretrial motions on Mr. Hall's behalf. (Dkts. 116-127.) Three days later, the Court granted a sealed

motion for Ms. Hegna to withdraw as counsel (Dkt. 131.) and shortly thereafter appointed new counsel, Bruce Rivers, on October 23, 2019 (Dkt. 132.)

The government and Mr. Rivers submitted a stipulation regarding a new scheduling order, which the Honorable Elizabeth Cowan Wright adopted on October 31, 2019 (Dkt. 135.) The deadlines have since passed in the scheduling order for Mr. Rivers to clarify which motions, if any, were moot, and to file any supplement motions on behalf of the Defendant. The government conferred with Mr. Rivers this morning and confirmed he was adopting the previously filed motions (Dkts. 116-127) and would not be filing any supplemental motions. The government is therefore responding to those motions at this time.

## II.   MR. HALL'S MOTION TO SUPPRESS EVIDENCE AND REQUEST FOR *FRANKS* HEARING (DKT. 117.)

### A.   The Defendant's Motions to Suppress Evidence Should be Denied.

The Defendant has moved to suppress physical evidence recovered pursuant to various state search warrants and two warrantless searches. (Dkt. 117 at 2-3.) The Defendant argues generally that the warrants were issued without probable cause, informant information lacked corroboration and reliability, and that the warrant applications were misleading.[1] (Dkt. 117 at

---

[1] Ms. Hegna did call me on October 11, but most of our conversation focused on a few items of discovery. We also discussed the overall topics of the motions she'd be filing, but she did

1.) The Defendant briefly addresses the January 24, 2019 search warrant executed at the apartment on 6th Street SE (where co-defendant Abari was found), but does not address any of the other challenged searches with any specificity. (Dkt. 117.)

### 1.   The January 24, 2019 search at 6th Street SE.

With respect to the warrant executed on January 24, 2019, the Court has already addressed similar arguments made by Mr. Abari and found that the warrant was supported by probable cause, and that the information gathered from informants and tipsters was sufficiently corroborated and reliable. (Dkts. 54, 110.) Since the Defendant has not brought forth any new arguments, information, or evidence, the government requests that the Court adopt its earlier findings and deny the Defendant's motion to suppress fruits of the search warrant executed on January 24, 2019 at the 6th Street SE address.

### 2.   The Hyatt Place Warrant Executed on June 4, 2019.

On June 4, 2019, the Hennepin County Sheriff's Office executed a state search warrant for a specific hotel room in the Hyatt Place in downtown Minneapolis, for the Defendant's person, and for the Defendant's Jeep. The evidence was constitutionally gathered by law enforcement based on a search

---

not get into specifics. I presumed the motions themselves would note the specific challenges and the grounds for such challenges. Unfortunately, they did not.

warrant. The Defendant filed a boilerplate motion to suppress the fruits of this warrant. The government requests that the Court dismiss this motion without prejudice for the Defendant's failure to provide details in his motion or during the meet and confer. In the alternative, the government requests the Court to require defense counsel to provide additional information identifying the basis for the challenge so the government can adequately respond. The government will present a copy of the warrant materials at the motions hearing for the Court's review should it choose to do so.

### 3.   The Penn Avenue North Warrant.

This state search warrant, issued on July 19, 2019, was not executed. Therefore, there are no issues for the Court to address.

### 4.   The T-Mobile Warrants for (612) 249-xxxx

There were several warrants issued to T-Mobile for Mr. Hall's phone number. All of the warrants and applications have been disclosed to defense counsel. However, since a specific warrant has not been identified, or any specific grounds for suppression, the government has no way of responding to this boilerplate challenge. The government requests that the Court dismiss the Defendant's motion with regard to the T-Mobile warrants, without prejudice.

4

5.      **The Facebook Business Records, issued on February 14, 2019.**

A state search warrant was issued for the Defendant's Facebook records on February 14, 2019.[2] Again, the Defendant provided little or no context for why the fruits of this search should be suppressed. The government requests that this motion be dismissed without prejudice or that the Defendant be required to provide specifics for the challenge. The government will submit a copy of the warrant materials at the motions hearing should the Court wish to review them.

6.      **The Vehicle Warrant (SC QJ1598).**

As of today, no search has been conducted on this vehicle, which is still in police custody. Therefore, this challenge is not yet ripe.

B.      **The Defendant's Motion for a Franks Hearing Should be Denied.**

In order to "obtain a *Franks* hearing, a defendant must make 'a substantial preliminary showing' that an affidavit contains an intentional or reckless false statement or omission necessary to the probable cause finding." *United States v. Bradley*, 924 F.3d 476, 481 (8th Cir. 2019) (quoting *United States v. Charles*, 895 F.3d 560, 564 (8th Cir. 2018)). "This substantiality

---

[2] After Ms. Hegna notified the government she had not received these materials, we did locate and provide them on October 18, 2019.

requirement is not met lightly and requires a defendant to offer specific allegations along with supporting affidavits or similarly reliable statements." *United States v. Gonzalez*, 781 F.3d 422, 430 (8th Cir. 2015). "Because a warrant application need only show facts establishing probable cause, reckless disregard for the truth may be inferred from the omission of information from an affidavit only when the material omitted would have been clearly critical to the finding of probable cause." *United States v. Carnahan*, 684 F.3d 732, 735 (8th Cir. 2012) (cleaned up).

Because the Defendant has made absolutely no showing of any intentional or reckless false statement or omission,[3] the Defendant's Motion for a *Franks* hearing should be denied.

### III.   MR. HALL'S MOTION TO SUPPRESS STATEMENTS (DKT. 116.)

The Defendant filed a boilerplate motion seeking suppression of all statements which "may or may not have been made." The Defendant challenged "all statements, if any," on general grounds of pressure from law enforcement, or from drug impairment or withdrawal. This generic challenge makes it extremely difficult for the government to respond.

---

[3] The Defendant appears to be requesting the hearing for the very purpose of demonstrating the need for the hearing. *See* (Dkt. 117 at 3) (the Defendant "hereby requests a Franks Hearing to demonstrate that the affiants in the various search warrant applications listed above…included false statements in the applications[.]")

The Defendant did not provide a formal statement to police in connection with these charges. However, the Defendant did make some statements to police during the June 4, 2019 search warrant execution and the July 12, 2019 traffic stop. While the government might not even attempt to elicit these statements at trial, absent unforeseen circumstances, it will not concede they were illegally obtained or involuntarily given.

According to the reports, on June 4, 2019, deputies were executing warrants for the Defendant's person, his room at the Hyatt Place, and his Jeep. Upon encountering the Defendant outside the hotel, he "blurted out, unsolicited, that his sister had rented the room for him because he had lost his identification." After the defendant realized he was being detained while police were searching the hotel room, the Defendant said the room was "in someone else's name, and that [the deputies] do not have anything on him, and that he should be released." Deputies later recovered approximately 9 grams of methamphetamine from the hotel room. It appears these were spontaneous utterances made by the Defendant and not the result of constitutional violations or the Defendant being under the influence of drugs or withdrawal symptoms. Therefore, the Defendant's motion to suppress should be denied.

On July 12, 2019, the Defendant was stopped in a stolen vehicle, and claimed he had permission from the owner, "Nikki," to be driving the vehicle.

7

While the government does not currently plan on eliciting this statement being brought up during the trial, there is no evidence that it was made while the Defendant was under the influence of drugs, withdrawal from drugs, or otherwise unconstitutionally obtained. It appears to have been a spontaneous statement made by the Defendant, and therefore should not be suppressed on constitutional grounds.

With regard to both of these statements, it is too early to tell if the government will attempt to elicit either statement during trial. It is simply too early to determine if the Defendant's statements are relevant. The government requests that the admissibility of any statements made by the Defendant be decided by the Trial Judge when these issues may become clearer and ripe for consideration.

## IV.    MOTION TO SUPPRESS EYEWITNESS IDENTIFICATIONS (DKT. 118.)

The Defendant submitted another generic motion to suppress "any eyewitness identifications." (Dkt. 118.) This motion should be denied on its face because it does not specify which eyewitness identifications should be suppressed. Even if particular eyewitness identifications were specified, the ground for suppression (unnecessarily suggestive) is too vague for a proper legal analysis to be applied.

The issue of eyewitness identifications would also be more appropriately decided by the Trial Judge after Jencks materials are disclosed to the Defendant.

## V.   MOTION FOR EARLY JENCKS ACT MATERIAL (DKTS. 119, 120, 123.)

The Defendant filed several motions which can be categorized as a general motion for early Jencks Act material; to wit, they request statements of witnesses, informants, cooperating defendants, or unindicted co-conspirators. (Dkts. 119, 120, 123.) The Eighth Circuit has repeatedly held that the government cannot be compelled to produce Jencks Act material until after a witness has testified at trial on direct examination. *See, e.g.*, *United States v. Douglas*, 964 F.2d 738, 741 (8th Cir. 1992). The Defendant's motions should therefore be denied. Notwithstanding this, the government will provide the Defendant with all Jencks Act materials no later than three business days prior to trial. However, the government objects to the Court ordering the government to do so.

As to the Defendant's motion seeking disclosure of statements made by co-defendants or unindicted co-conspirators (Dkt. 120), the government objects. The defendant cites no applicable legal authority for the proposition that the government must disclose the post-conspiracy statements of co-conspirators other than through its discovery obligations pursuant to the

Jencks Act and under *Giglio* and *Brady*. If the government calls any co-conspirators as witnesses at trial, it will provide to the defense all *Giglio* and Jencks Act materials relating to them no later than three business days prior to trial.

Regarding the Defendant's request that the government be ordered to disclose the identity of any informants or cooperating defendants, and make such individuals available for interview by Defendant's attorney in preparation for trial (Dkt. 119), the government agrees that it will disclose to the defense the identity of any such individual whom the government intends to call as a witness at trial, not less than two weeks prior to trial will cooperate with the defense in making them available for interview.

To the extent the Defendant seeks to know the identity of, or obtain statements made by, any cooperating individual whom the government does *not* intend to call as a witness at trial, the government objects. Defendant bears the burden of demonstrating that the disclosure of an informant's identity "is material to the outcome of his case; in other words, that disclosure is vital to ensure a fair trial." *United States v. Gonzalez-Rodriguez*, 239 F.3d 948, 951 (8th Cir. 2001); *United States v. Harrington*, 951 F.2d 876, 878 (8th Cir. 1991) ("Evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have

10

been different.") "A trial court abuses its discretion if it orders disclosure absent a showing of materiality." *Harrington*, 951 F.2d at 877.

The Defendant has failed to meet this exacting burden and his motion should be denied. The Defendant's motion fails to inform the government or the Court as to why the identity or statement of a non-testifying informant is material to his defense. Indeed, he does not even offer a conclusory assertion to this effect. Without more from the Defendant, specifically identifying to which informants or witnesses his motion pertains and showing how those informants or witnesses are material to the determination of the case, disclosure should not be required.

If the Defendant articulates to which informants or witnesses his motion applies, and the government concedes or the Court finds those informants or witnesses to be material, the government agrees to disclose the identities of these individuals 14 days before trial.

## VI.   MOTION FOR *BRADY* AND *GIGLIO* MATERIAL (DKTS. 121, 122.)

The Defendant has moved for disclosure of exculpatory, favorable, and impeaching information under *Brady v. Maryland*, 373 U.S. 83 (1963) (Dkt. 121), and information relating to witnesses' bias under *Giglio v. United States*, 405 U.S. 150 (2017) (Dkt. 122.) The government understands, has substantially complied with, and will continue to comply with, its *Brady* and

*Giglio* obligations to produce exculpatory/impeachment evidence to the defense. If any additional such evidence comes to the government's attention, it will be turned over promptly and sufficiently before trial to enable the Defendant to make effective use of it.

### VII.   MOTION FOR EXPERT WITNESS TESTIMONY (DKT. 124.)

The government does not object to the Defendant's motion for an order requiring the government to provide notice of any expert witnesses it intends to use at trial so long as the defendant agrees to provide reciprocal notice pursuant to the same schedule. (*See* Govt. Mt. for Discovery, Dkt. 87). The government proposes that the parties provide notices related to any expert witnesses no later than 14 days before trial.

There is no defined timing requirement included in Rule 16(a)(1)(G). *See* Fed. R. Crim. P. 16 advisory committee's note, 1993 Amendments. The advisory committee's notes provide that, "although no specific timing requirements are included, it is expected that the parties will make their requests and disclosures in a timely fashion." *Id.* In the present case, the government's proposal to disclose expert witness materials 14 days in advance of trial is reasonable and allows ample time for the parties to prepare for the testimony. *See United States v. Finn*, 919 F. Supp. 1305, 1316 n.7 (D. Minn. 1995) (ordering the government to make Rule 16(a)(1)(G) disclosures as

12

opinions become available and no later than seven days before trial and rejecting defendant's request that such disclosures be made at least 45 days prior to trial).

## VIII.   MOTION FOR DISCLOSURE OF RULE 404(B) EVIDENCE (DKT. 125.)

The Defendant has moved for an order requiring the government to "immediately disclose" any other crimes, wrongs, or acts it intends to admit at trial pursuant to Fed. R. Evid. 404(b). (Dkt. 125.) The government acknowledges its obligation to give notice under Rule 404(b). However, the government objects to the request that the notice be given "immediately." Under the rule, the government is required to "provide reasonable notice in advance of trial or during trial if the court excuses pretrial notice on good cause shown." Fed. R. Evid. 404(b). *See* Fed. R. Evid. 404(b) advisory committee's notes, 1991 Amendments ("Other than requiring pretrial notice, no specific time limits are stated in recognition that what constitutes a reasonable request will depend largely on the circumstances on each case."). The government proposes to make its notification 14 calendar days prior to trial. Under the circumstances of this case, 14 days is a reasonable notice period.

The government also requests that any order be strictly drawn to require no more than what is encompassed by Rule 404(b). Specifically, Rule 404(b) does not encompass acts that are "intrinsic" to the charged offense. Fed. R.

Evid. 404 advisory committee's notes, 1991 Amendments. If conduct of a defendant is an "intrinsic" part of any of the charged offense but could otherwise be considered a "bad act," then Rule 404(b) does not contemplate that notice of such evidence be given. The distinction is an important one, as the defense may claim that the government must give notice of every "bad act" it intends to introduce, which is not so. *United States v. Adediran*, 26 F.3d 61, 63 (8th Cir. 1994) (standards applicable to evidence considered under Rule 404(b) do not apply to such "inextricably intertwined" evidence).

## IX.   MOTION FOR SEVERANCE (DKT. 126.)

The government objects to the Defendant's motion to sever. In general, "persons charged in the same offense should be tried together, especially when proof against them is based upon the same evidence or acts." *U.S. v. Voss*, 787 F.2d 393, 401 (8th Cir. 1986). "Indicted co-conspirators should ordinarily be tried together, especially where proof of the conspiracy overlaps." *U.S. v. Williams*, 97 F.3d 240, 243 (8th Cir. 1996) (citations omitted). The Eighth Circuit has noted that "[r]arely, if ever, will it be improper for co-conspirators to be tried together." *U.S. v. Stephenson*, 924 F.2d 753, 761 (8th Cir. 1991) (citations omitted).

The Defendant worked in concert with co-defendant Abari to distribute heroin laced with fentanyl, which was supplied by co-defendant Green. Their

conspiracy began at least as far back as the date charged in the indictment (December 2018). The evidence against the Defendant, Mr. Abari, and Mr. Green is substantially the same, especially as it relates to the conspiracy. The remaining counts are substantive charges against one or more defendants for distribution of the same controlled substances. Much of the same evidence will be presented for the substantive counts. Therefore, the motion to sever should be denied.

## X.   MOTION TO RETAIN ROUGH NOTES (DKT. 127.)

While the government does not recognize the existence of or any relevance to rough notes created by agents or officers, it does agree to, and in fact already has instructed the investigators, to keep any such rough notes. The government has no objection to granting this motion.

## XI.   CONCLUSION

Based on the foregoing, the government respectfully requests that the Court deny the Defendant's motion to suppress evidence, and grant his motions for discovery and disclosure as provided herein.

Respectfully Submitted,

Dated: December 2, 2019              ERICA H. MacDONALD

United States Attorney


/s/ Justin A. Wesley

BY:   JUSTIN A. WESLEY
       AMBER M. BRENNAN
       Assistant U.S. Attorneys

16