UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

v.                                                                    **MEMORANDUM OPINION**
                                                     **AND ORDER**

Relondo Devon Hall,                                Crim. No. 19-103 (02) (MJD/ECW)

      Defendant.

_____

      Amber M. Brennan and Justin A. Wesley, Assistant United States Attorneys, Counsel for Plaintiff.

      Bruce Rivers, Counsel for Defendant.

_____

**I.    Introduction**

      The Defendant has been charged in the Superseding Indictment with conspiracy to distribute controlled substances, specifically Fentanyl, possession of controlled substances, specifically Fentanyl and Heroin, and felon in possession of a firearm.   On September 24, 2019, Magistrate Judge Schultz held that Defendant had not rebutted the presumption of detention in this case and that there were no condition or combination of conditions that would reasonably

assure his presence at future court proceedings or that would assure the safety of the community. (Det. Hr'g Tr. at 15-16.)

The Defendant moves this Court to revoke the Order for detention.

**II.     Standard**

The Bail Reform Act creates a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community" when there is probable cause to believe a defendant committed a certain offense, including "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act." United States v. Boykins, 316 F. Supp.3d 434, 436 (D.D.C. 2018) (citing 18 U.S.C. § 3142(e)(3)(A)).

In making the determination whether detention is appropriate, the Court must take into account the following factors:

>   (1)   The nature and circumstances of the offense charged, including the fact that the crime charged is an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
>
>   (2)   the weight of the evidence against the person;
>
>   (3)   the history and characteristics of the person, including–

> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Magistrate Judge's decision is subject to de novo review. United States v. Maull, 773 F.2d 1479, 1484-85 (8th Cir. 1985).

### III. Argument

Defendant attempts to rebut the presumption for detention by arguing that there are conditions or combination of conditions that will reasonably assure his appearance at future court proceedings and the safety of the community. He argues that he can post a personal surety bond, participate in home confinement and pay the costs of such confinement and that he would reside with his mother. Defendant would also agree to a court order prohibiting his possession of cell

phones, pagers, modems, fax machines and other internet online services, and to the requirement that he submit to searches, surrender his passport, avoid contact with witnesses and not possess a firearm.

At the hearing, Defendant further argued that he was at he was at risk in the jail, and asserted that he had already been attacked twice.   Defendant did not provide any evidence to support this claim.

Further, Defendant claims he has serious health conditions that cannot be properly treated in jail.   Specifically, he states that he has recently been hospitalized for diabetes, and that his vision is deteriorating.

The government opposes pretrial release for this Defendant.   The crimes charged are very serious drug crimes involving the distribution of Fentanyl and Heroin, and that one of Defendant's alleged customers died from drugs allegedly purchased from Defendant.

Based on the record before it, the Court finds that Defendant has not rebutted the presumption of detention.   As set forth in the Pretrial Services Report, the Defendant does not have a permanent residence and has been unemployed since March 20, 2019.   A drug test performed on his urine tested

positive for amphetamine, cocaine, marijuana and methamphetamine.

In addition, Defendant's criminal history includes convictions for Second Degree Burglary, False Information to Police, Disorderly Conduct, and Fifth Degree Controlled Substance Crime – Possession.

Based on the above, and in consideration of the factors listed in § 3142(g), the Court finds there are no conditions or combination of conditions that would reasonably assure Defendant's presence at future court proceedings or that would assure the safety of the community.

IT IS HEREBY ORDERED that Defendant's Motion for Release from Custody [Doc. No. 159] is **DENIED**.

Date:   January 27, 2020

s/ Michael J. Davis  
Michael J. Davis  
United States District Court