UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

v.

**MEMORANDUM OPINION
AND ORDER**
Crim. No. 19-103 (02) (MJD/ECW)

Relondo Devon Hall,

      Defendant.

_____

      Amber M. Brennan and Justin A. Wesley, Assistant United States Attorneys, Counsel for Plaintiff.

      Bruce Rivers, Counsel for Defendant.

_____

## I.    Introduction

      Defendant has been charged in the Superseding Indictment with conspiracy to distribute controlled substances, specifically Fentanyl, possession with intent to distribute controlled substances, specifically Fentanyl and Heroin, and felon in possession of a firearm.

      On September 24, 2019, Magistrate Judge Schultz held that Defendant had not rebutted the presumption of detention in this case and that there were no

1

conditions or combination of conditions that would reasonably assure his

presence at future court proceedings or that would assure the safety of the

community.   (Det. Hr'g Tr. at 15-16.)

Defendant moved this Court to reconsider the Order for detention, and

following a hearing on the motion, the motion was denied based on the Court's

finding that Defendant had not rebutted the presumption of detention and in

consideration of the factors listed in § 3142(g), there were no conditions or

combination of conditions that would reasonably assure Defendant's presence at

future court proceedings or that would assure the safety of the community.

On April 1, 2020, Defendant filed an emergency motion for hearing and to

reconsider his detention in light of the COVID-19 pandemic and the fact he is

diabetic.   Probation and Pretrial Services submitted a supplemental status

report and recommendation as to detention. (Doc. Nos. 191 and 193.)   The

government filed a brief in opposition.   (Doc. No. 192.)   Defendant filed a reply

brief.   (Doc. No. 194.)

By Order dated April 29, 2020, Magistrate Judge Cowan Wright denied

Defendant's motion to reconsider detention.   The Magistrate Judge found the

purpose of the reopening provision of § 3142(f) is to allow parties to present new information that increases the likelihood a defendant would appear in court or decrease the potential danger a defendant poses to an individual or to the community.   (Doc. No. 214 at 5.)   While recognizing the magnitude of the COVID-19 pandemic, the Magistrate Judge found it is not a material change of circumstance warranting a renewed evaluation of a detention order.   (Id.)

The Magistrate Judge further noted that pursuant to § 3142(i), the court may grant temporary release where the court finds release is necessary for the preparation of the person's defense or for another compelling reason.   The Magistrate Judge then found Defendant had failed to present a compelling reason for his release after considering the following factors: 1) the original grounds for Defendant's pretrial detention; 2) the specificity of Defendant's COVID-19 concerns, 3) the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to Defendant, and 4) the likelihood that Defendant's proposed release plan would increase COVID-19's risk to others.   (Id at 8.)

Now before this Court is Defendant's Appeal of the Magistrate Judge's

Order.

## II.    Standard

The Bail Reform Act creates a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community" when there is probable cause to believe a defendant committed a certain offense, including "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act."   United States v. Boykins, 316 F. Supp.3d 434, 436 (D.D.C. 2018) (citing 18 U.S.C. § 3142(e)(3)(A)).

In making the determination whether detention is appropriate, the Court must take into account the following factors:

(1)   The nature and circumstances of the offense charged, including the fact that the crime charged is an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

(2)   the weight of the evidence against the person;

(3)   the history and characteristics of the person, including–

(A)   the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct,

4

history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B)   whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4)   the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Magistrate Judge's decision is subject to de novo review.   United States v. Maull, 773 F.2d 1479, 1484-85 (8th Cir. 1985).

## III.   Argument

In his appeal, Defendant argues he is entitled to relief pursuant to §§ 3142(f) and (i) because he has rebutted the presumption for detention and that there are a combination of conditions that could reasonably assure his appearance and the safety of the community.   He further asserts that Pretrial Services verified that Defendant could reside at a friend's residence under monitoring, and that he has always been respectful and truthful to questions posed by a Pretrial Services officer, and does not possess a passport, and that he is working to quash outstanding warrants.   Finally, Defendant would consent to

any means of monitoring to ensure his appearances in court.

Based on its de novo review of the Magistrate Judge's Order denying

Defendant's motion for reconsideration, the Court affirms that Order.

Pursuant to 18 U.S.C. § 3142(f)(2)(B), the court may reopen the issue of

pretrial detention:

> at any time before trial if the judicial officer finds that information exists
> that was not known to the movant at the time of the hearing and that has a
> material bearing on the issue of whether there are conditions of release
> that will reasonably assure the appearance of such person as required and
> the safety of any person and the community.

First, Defendant does not challenge this Court's previous findings as to

detention.    Instead, he argues that the COVID-19 pandemic constitutes a

changed circumstance that compels his release.    As other courts have found,

however, Defendant must demonstrate how the pandemic would reduce his risk

of nonappearance or the risk that he poses to the community together with the

remaining § 3142(g) factors.  See e.g., United States . Ramadan, __ F.Supp.3d __,

2020 WL 2301365, at *4 (E.D. Mich. May 7, 2020); United States v. Punter, Crim.

No. 19-90-LPS, 2020 WL 2128868, at *3-4 (D. Del. May 5, 2020); United States v.

Crandell, 19-CR-255 (JNE/TNL), 2020 WL 1873047, at *1 (D. Minn. Apr. 15, 2020);

United Sates v. Banks, 4:19CR3116, 2020 WL 1450549 at *1 (D. Neb. Mar. 25,

2020).

Here, Defendant does not challenge the previous findings of the Court as

to detention, and he has failed to demonstrate how the COVID-19 pandemic

factors into whether he poses a flight risk or a danger to the community.

Further, Defendant does not assert in his motion that medical staff at the

Sherburne County Jail are not appropriately addressing his medical concerns or

that he is not receiving appropriate medical attention or treatments.   In fact, as

noted in the Pretrial Services Status Report filed on April 8, 2020, Defendant's

medical records indicate Defendant is not complying with his medical regimen

and medical treatment and has refused vaccination.   (Doc. No. 193 at 2.)   It was

also reported that Defendant refused to be seen in the medical clinic and refused

to attend diabetes education and consultation.   (Id.)

In addition, the government has submitted the affidavit of Brian Frank, the

Sherburne County Jail Administrator, who describes the measures taken by the

jail to keep staff and inmates safe and to ensure that inmates have the

opportunity to consult with their attorney.    (Doc. No. 192-1.[1])    Defendant has

not challenged any of the steps taken by Sherburne County Jail which do not

meet his needs.

Pursuant to 18 U.S.C. § 3142(i), a "judicial officer may, by subsequent

order, permit the temporary release of the person, in the custody of a United

States marshal or another appropriate person, to the extent that the judicial

officer determines such release to be necessary for preparation of the person's

defense or for another compelling reason."

Defendant argues that because of the COVID-19 pandemic, all in-person

attorney-client visits are prohibited, and that the measures put in place to allow

Defendant access to counsel are inadequate because they do not afford privacy.

In his affidavit, Brian Frank asserts that the Jail does facilitate video visitation

between inmates and counsel in the common areas of the housing unit, but in

limited circumstances, the Jail can make the accommodations more private.

(Doc. No. 192-1 at ¶ 18.)    At this time, Defendant has not demonstrated that his

---

[1] With regard to the motions of codefendants Abari and Green, Brian Frank submitted an
updated affidavit dated April 17, 2020.   (Doc. Nos. 204-1 and 205-1.)   The Court will also refer
to these updated affidavits when determining the merits of Defendant's motion.

release is necessary to allow him to prepare for his defense of the charges in this
case.

Defendant further asserts that the COVID-19 pandemic, together with his
medical history, constitutes a compelling reason that warrants his release.   The
Magistrate Judge applied a framework recently adopted by courts in this district
for analyzing an assertion that COVID -19 is a compelling reason for release
under § 3142(i).   Under this framework the Court considers 1) the original
grounds for the defendant's pretrial detention, 2) the specificity of the
defendant's stated COVID-19 concerns, 3) the extent to which the proposed
release plan is tailored to mitigate or exacerbate other COVID-19 risks to the
defendant, and 4) the likelihood that the defendant's proposed release would
increase COVID-19 risks to others.   See e.g., United States v. Dodd, No. 20-cr-
0016 (NEB/HB), 2020 WL 1547419, at * 3 (D. Minn. April 1, 2020) (quoting United
States v. Clark, No. 19-40068-01-HLT, 2020 WL 1446895, at *3 (D. Kan. Mar. 25,
2020)); United States v. Bracey, No. 15-235 (JNE/TNL), 2020 WL 1809187 (D.
Minn. April 9, 2020) (same).   Applying these factors to Defendant's motion, the
Magistrate Judge found that Defendant failed to demonstrate a compelling

reason for his pretrial release.    This Court agrees.

As noted above, Defendant does not challenge the original bases for detention in this case, and this factor weighs heavily in favor of continued detention.    As to the second factor, Defendant raises the concern that he is particularly vulnerable to COVID-19 because he is a diabetic.    However, there are no known cases at Sherburne County Jail at present, and the Jail has undertaken a number of steps to prevent and mitigate the risks posed by COVID-19 to inmates' health and safety.    (Doc. No. 192-1 (Frank Aff.).)

Brian Frank asserts in his affidavit that as of March 25, 2020, there are no known cases of COVID-19 at the Sherburne County Jail.    (Id. at ¶ 3.)[2]    The Jail has medical professionals on site, and if necessary, an inmate can be transferred to hospitals or outside clinics.    (Id. at ¶ 5.)

With respect to the COVID-19 virus, the Jail has taken steps to reduce the inmate populations, which resulted in a 25% decrease as of April 10, 2020.    (Doc. No. 204-1 (Frank Aff. at ¶¶ 7-8).)    The Jail has also adapted its staff to limit contamination and cross-contamination.    (Id. at ¶ 24.)    In addition, the Jail is

---

[2] At the detention hearing of Defendant's co-defendant Kevin Green, the government asserted that as of April 23, 2020, there were no known cases of COVID-19 at the Sherburne County Jail.

structurally designed to isolate and contain airborne threats.   (Id. at ¶ 17.)   It also has negative pressure units that could isolate and treat symptomatic inmates.   (Id. at ¶ 13.)

In response to COVID-19, new arrivals are placed in a 14-day quarantine unit that is monitored by medical professionals and isolated from the general population.   (Id. at ¶ 10.)   In addition, there are strict social-distancing measures in place, proper handwashing is encouraged, modified delivery systems are in place to minimize person-to-person contact, as well as other measures.   (Id. at ¶¶ 20, 23 and 24.)   New arrivals must complete both the Coronavirus screening checklist and a body temperature check.   (Id. at ¶ 24.) The Jail has also heightened its cleaning regimen, which includes four daily cleanings of all frequently touched surfaces with a chemical specifically formulated to kill viruses, cleaning before every meal and before nightly lockdown.   (Id. at 18.)

A recent inspection of the Jail by the Department of Corrections Inspection and Enforcement Unit found that the steps taken by Sherburne Count exceed prevention measures being taken across Minnesota and do not violate any Rule

provision.   (Id. at ¶ 6.)

As to the third and fourth factors, which concern the proposed release plan and whether it is tailored to mitigate or exacerbate other COVID-19 risks or whether it would increase the risk to others, the Court finds these factors do not support his motion.   Pretrial Services has reviewed Defendant's proposed release residence and notes the home is occupied by a friend of defendant who reported that she lives in the home with five minor-aged children, and the friend's mother.   Pretrial Services has recommended to the Court that Defendant be detained, given his lack of positive adjustment to felony supervision, outstanding warrants and the two disciplinary actions he has incurred while at the Sherburne County Jail for assault of another inmate and sexual harassment involving a female medical jail employee.   (Doc. No. 193 at 3.)

Based on the above, the Court finds that Defendant has failed to demonstrate there are compelling circumstances that warrant his release pursuant to § 3142(i).

IT IS HEREBY ORDERED that Order dated April 27, 2020 (Doc. No. 214) is

AFFIRMED and Defendant's Appeal of that Order [Doc. No. 223] is **DENIED**.

Date:   June 4, 2020

s/ Michael J. Davis
Michael J. Davis
United States District Court